UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| D7 ROOFING, LLC., | ) |
| Plaintiff, | ) ) ) No. 4:23-cv-1327-HEA |
| v. | ) ) ) |
| UNITED UNION OF ROOFERS, WATERPROOFES, AND ALLIED WORKERS LOCAL #2 | ) ) ) ) |
| Defendant. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 3] and Plaintiff's Motion to Remand, [Doc. No. 15]. For the reasons set forth below, the Motion to Remand will be denied and the Motion to Dismiss will be granted.

**Facts and Background**

Plaintiff filed its Petition for Injunctive Relief in the Circuit Court for the County of St. Louis, Missouri. The Petition alleges Plaintiff is a non-union employer. Plaintiff alleges Defendant engaged and continues to engage in a systematic effort to intimidate Plaintiff's employees at work sites by trespassing on

Plaintiff's jobsites to harass and intimidate its employees and contractors.  Plaintiff further alleges Defendant's conduct had the intended result of interfering with Plaintiff's business relationships with its employees and with general contractors and owners in the roofing industry. Plaintiff claims Defendant tortiously interfered with its business relationships.

Defendant removed the matter based on the Court's federal question jurisdiction. 28 U.S.C. §1331. Defendant urges Plaintiff's claim for tortious interference are preempted by the National Labor Relations Act ("NLRA") because it arises from a "labor dispute." Conversely, Plaintiff argues the Court lacks federal question jurisdiction because its tortious interference claim is not preempted by the NLRA.

## Discussion

The Court must first consider Plaintiff's Motion to Remand because if this Court lacks subject matter jurisdiction, it cannot rule on Defendant's Motion to Dismiss. The basis for Plaintiff's Motion to Remand is that its Complaint asserts only state law claims, so no jurisdiction exists in federal court. Defendant argues that although Plaintiff brought state-law claims, because it arises in the context of a labor dispute, it is completely preempted by the NLRA and therefore federal jurisdiction is appropriate.

"A defendant's removal of a case to federal court is appropriate only if the action originally could have been filed there." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 444 (8th Cir. 2010) (internal quotations omitted) (citing 28 U.S.C. § 1441). After the case is removed, a "plaintiff may move to remand the case if the district court lacks subject matter jurisdiction." *Id*. (citing 28 U.S.C. § 1447(c)). In the face of a motion to remand, "[t]he defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). If the defendant fails to meet that burden, the district court must remand the case. 28 U.S.C. § 1447(c). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620.

Defendant asserts federal question jurisdiction as the basis for removal in this case. Federal question jurisdiction applies to actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When assessing whether federal question jurisdiction exists, the Court must employ the "well-pleaded complaint rule" and look only to the face of the complaint. *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Generally, courts do not have federal question jurisdiction based on a defense, even if the defense relies on federal law. *Id*. However, one exception is

3

complete preemption, where a statute "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal." *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 247 (8th Cir. 2012) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987)). With complete preemption, the normal rules of federal jurisdiction do not apply. *Id* at 648. Rather than determining whether a federal question exists by looking only at the face of a well-pleaded complaint, complete preemption requires a peek behind it. See *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017); *M. Nahas & Co. v. First Nat'l Bank of Hot Springs,* 930 F.2d 608, 611–12 (8th Cir. 1991). The reason is that some statutes have such "extraordinary pre-emptive power" that state claims turn into federal claims, even if none actually appear in the complaint. *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 542 (8th Cir. 1996).

Complete preemption "rare[ly]" occurs, *Johnson*, 701 F.3d at 248, and even then, only when a statute "provide[s] the exclusive cause of action for the claim asserted and ... set[s] forth procedures and remedies governing" it, *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

In *Beverly Hills Foodland, Inc. v. Commercial Workers Union, Local 655*, 39 F.3d 191, 194 (1994) the Eighth Circuit held a state law claim for tortious interference with business relations fell within the ambit of complete preemption as it involved a labor dispute and no allegations of malice were alleged.

4

Similarly, this Court has found, based on the holding in *Beverly Hills*, state claims which involve a labor dispute are completely preempted by the NLRA.

> The court in [*Beverly Hills*] held that "[i]f the Union's activities complained of occurred within the context of a 'labor dispute', [plaintiff's] state tort claims are preempted by federal labor law." *Beverly Hills Foodland*, 39 F.3d at 194, citing *Old Dominion Branch No. 496, National Association of Letter Carriers, AFL–CIO v. Austin*, 418 U.S. 264, 271–73 (1974). The NLRA defines labor dispute as "any controversy concerning terms, tenure or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether the disputants stand in the proximate relation of employer and employee." 29 U.S.C. § 152(9). According to *Beverly Hills Foodland*, "[t]he definition of labor dispute under the NLRA is very broad and 'rarely have courts found concerted union activities to fall outside this broad definition.'" *Beverly Hills Foodland*, 39 F.3d at 195, quoting *Hasbrouck v. Sheet Metal Workers Local 232*, 586 F.2d 691, 694 n. 3 (9th Cir.1978). That court also concluded that when a union acts for some arguably job-related reason and not out of pure social or political concerns, a labor dispute exists. *Id*. at 195.
>
> This Court concludes that the statements in the instant case were made in the context of a labor dispute. They were made by the president of local 325 on UAW letterhead. Furthermore, defendant made the statements while urging the employees to file grievances against their supervisor, plaintiff Shepard. Such a situation clearly falls under the broad definition of a labor dispute found in § 152(9). Therefore, because this Court has concluded that these statements were made in the context of a labor dispute, the NLRA was properly implicated and they were properly removed to this Court, as dictated by *Beverly Hills Foodland*.

*Shepard v. Courtoise*, 1999 WL 1336390, at *2–3 (E.D. Mo. Dec. 3, 1999).

> "Labor dispute" is defined in the NLRA as "any controversy concerning terms, tenure or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment, regardless of whether the disputants stand in proximate relation of employer and employee." 29

5

> U.S.C. § 152(9). "The definition of labor dispute under the NLRA is very broad" and "rarely have courts found concerted union activities to fall outside this broad definition." *Beverly Hills Foodland, Inc. v. United Food & Commercial Workers Union, Local 655*, 39 F.3d 191, 195 (8th Cir. 1994) (citing *Hasbrouck v. Sheet Metal Workers Local 232*, 586 F.2d 691, 694 n. 3 (9th Cir. 1978)).
>
> The dispute over past due union contributions and check off fees can be seen as a labor dispute, as the contributions and check off fees are a condition of employment, especially considering the broad definition of labor dispute under the NLA. As such, Defendants claim of tortious interference, to the extent the claim is not preempted by ERISA is preempted by the NRLA.

*Painters Dist. Council No 58 v. RDB Universal Servs., LLC*, 2016 WL 1366600, at *13 (E.D. Mo. Apr. 6, 2016).

Plaintiff does not argue the issue in this case fails to arise in the context of a labor dispute. Rather, Plaintiff attempts to distinguish *Beverly Hills* arguing the Eighth Circuit has not yet found the NLRA does not completely preempt state law, but other circuits have, and the Eighth Circuit has indicated that it likely will follow these other circuits. Plaintiff has not, however, presented any decision by the Eighth Circuit so finding, and the Court has found none. As such, *Beverly Hills* remains the basis for concluding that the NLRA preempts Plaintiff's tortious interference with its business relations. Notably, Plaintiff's Petition does not contain any allegations of malice such that a possible exception to complete preemption would apply.

## **Conclusion**

Defendant's removal was proper in that Plaintiff's claim for tortious interference with its business relations is complete preempted by the NLRA. As such, Plaintiff's Motion to Remand must be denied and Defendant's Motion to Dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 15] is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 3] is granted.

Dated this 10th day of September, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE